UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DEON CHIN and MICHAEL HOWELL

                                      Plaintiff,

-against-

POLICE OFFICER TRISTON TRUNK, SHIELD # 16858,
JOHN DOE ##1-4,

                                      Defendants.

**COMPLAINT AND JURY DEMAND**

ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a September 19, 2019 incident in which employees of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest, and unlawful search and seizure by arresting plaintiffs and dragging them in cuffs to the 63rd precinct for the sole purpose of interrogating plaintiffs concerning other individuals.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events in question occurred within, the boundaries of the Eastern District of New York.

**PARTIES**

6. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, New York.

7. All other named defendants above are employees of the NYPD, and are sued in their individual capacities. "John Doe ##1-4" are the names of unidentified police officers and/or detectives who were personally involved in detaining and interrogating plaintiffs.

8. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and the State of New York.

**FACTUAL ALLEGATIONS**

9. On September 19, 2019, at about 6:00 AM, plaintiffs were at their homes in separate units at 625 East 40th Street, Brooklyn, New York. At no time had they engaged in any unlawful behavior, nor could any reasonable person have believed they had.

10. At approximately 6:00 AM, defendants entered plaintiffs' homes with a lawful search warrant for the first floor apartment, which also named an individual to look for, Wayne Haughton, which was Deon Chin's husband, and Michael Howell's father. Although the warrant named Wayne Haughton, it did not, on its face, authorize his arrest.

11. At the time defendants entered the home, Wayne Haughton was not there. Plaintiffs, however, were in the building; Deon Chin was in her apartment along with her three

children; Michael Howell was in the shower in his apartment, preparing to go to work.

12. Defendants searched the apartments and found no illegal contraband of any sort.

13. Nevertheless, defendants handcuffed plaintiffs and took them against their will to the 63rd Precinct. There, they individually interrogated plaintiffs concerning guns, drugs, and other occupants, current and former, of the residences.

14. After hours of detention without reasonable suspicion or probable cause, defendants released plaintiffs without charges.

15. Although Wayne Haughton returned home after the events in question, he was never arrested, and no charges resulted from the search of plaintiffs' homes.

## DAMAGES

16. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b. Violation of their rights to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

d. Loss of liberty;

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants acted under color of law and deprived plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due

3

process of law, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to Plaintiff under 42 U.S.C. §1983.

19. Defendants falsely arrested plaintiffs, seizing them without probable cause, and without even "arguable" probable cause.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Brooklyn, New York
February 3, 2020

TO:

Police Officer Triston Trunk, Shield #16858
NYPD 63rd Precinct
1844 Brooklyn Avenue
Brooklyn, NY  11210

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
(718) 852-3710
astoll@stollglickman.com

4